**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Donna L. Culver
Joseph C. Barsalona II
1201 North Market Street
Wilmington, DE 19899-1347
Telephone: (302) 658-9200

*Proposed Counsel for Derek C. Abbott, Esq., as Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Incorporated*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA MCKINNON, CLAIRE LARBEY, DANIEL PARKE, IRENE CARIAS, JAKE RABOY, JAMES MCGUINNES, NICOLA PORTER-SMITH, and JOHN LITTLE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOUGH MUDDER INCORPORATED and TOUGH MUDDER EVENT PRODUCTION INCORPORATED,<br><br>Defendants. | Case No.: _____ |

**NOTICE OF REMOVAL**

Derek C. Abbott, the chapter 11 trustee (the "Trustee") for Tough Mudder Incorporated ("Tough Mudder") and Tough Mudder Event Production Incorporated ("TM Events" and, together with Tough Mudder, the "Debtors"), by and through his undersigned counsel, hereby gives notice of the removal of the action styled *McKinnon et al. v. Tough Mudder, Inc. et al.* from the Supreme Court of the State of New York, County of New York, Index No. 655092/2020 to this Court, pursuant to 28 U.S.C. §§ 1334 and 1452(a), and Fed. R.

Bankr. P. Rule 9027 (the "Bankruptcy Rules"). In support of this Notice of Removal, the Trustee respectfully states as follows:

BACKGROUND

1. On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. filed involuntary petitions under chapter 11 of the United States Bankruptcy Code against Tough Mudder and TM Events in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On January 21, 2020, the Bankruptcy Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18].[1] The Court entered an order approving the appointment of the Trustee on January 30, 2020 [D.I. 24], and the Trustee accepted his appointment on January 31, 2020 [D.I. 25]. Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code.

3. On February 13, 2020, Plaintiffs Rebecca McKinnon, Claire Larbey, Daniel Parker, Irene Carias, Jake Raboy, James McGuinness, Nicola Porter-Smith and John Little, on behalf of themselves and all others similarly situated ("Plaintiffs") filed a putative Class Action Complaint (the "Complaint"), captioned *Rebecca McKinnon et al. v. Tough Mudder Inc. et al.*, Index No. 650992/2020 (the "State Court Action") in the Supreme Court of the State of New York, County of New York (the "New York State Court"). Plaintiffs' Complaint alleges violations of the New York Worker Adjustment and Retraining Notification Act, New York Labor Law § 860-a, *et seq.* (the "New York WARN Act"), arising from the termination of their employment on February 3, 2020.

---

[1] Docket item references in this Motion are to the docket maintained in the chapter 11 case of *Tough Mudder, Inc.*, Del. Bankr., Case No. 20-10036 (CSS). No order of joint administration has been requested or entered in these cases to date.

## GROUNDS FOR REMOVAL

4.  Removal of the Action is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

5.  Section 1452(a), which governs the removal of civil actions related to a bankruptcy case, such as the State Court Action, provides:

> A party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

6.  Section 1334, in turn, provides that District Courts shall have original jurisdiction of all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 1334(b).

   A.   The Court Has Original Jurisdiction Over The State Court Action As It Is A Core Proceeding Under 28 U.S.C. § 157(b)(2).

7.  28 U.S.C. § 157(b)(2) of the United States Code provides a non-exclusive list of core proceedings, which are largely synonymous with matters "arising in" a bankruptcy case under 28 U.S.C. § 1334(b), including:

> (A)   matters concerning administration of the estate;
>
> (B)   allowance or disallowance of claims against the estate or exemptions from property of the estate and estimate of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11.

*See In re Mega-C Power Corp.*, 2010 WL 6467668 *7 (9th Cir. BAP, June 29, 2010) (noting that a core proceeding under 157(b)(2) was one which the court had jurisdiction over under 28 U.S.C. §1334(b)); *Marotta Gund Budd & Dzera LLC v. Costa*, 340 B.R. 661, 667 (D.N.H. 2006) (noting

that "claims subject to 'arising in' jurisdiction consist primarily of those proceedings peculiar to bankruptcy cases and denominated as core by section 157(b)(2)").

8. The matters raised in the State Court Action directly implicate the administration of the Debtors' bankruptcy estates under 28 U.S.C. § 157(b)(2)(A), and is, therefore, a core proceeding as it could affect the amount of the Debtors' assets available for distribution to other creditors. *See In re Great Atl. & Pac. Tea Co., Inc.*, 467 B.R. 44, 58 (S.D.N.Y. 2012) ("Appellant's claims relate to 'matters concerning the administration of the estate,' making them core under the Bankruptcy Code."), *aff'd sub nom.* 508 F. App'x 63 (2d Cir. 2013). Likewise, the State Court Action is a core matter under 28 U.S.C. § 157(b)(2)(B), as it involves the allowance or disallowance of a claim against the Debtors' estates. *See In re Saint Vincent's Catholic Med. Centers of New York*, 445 B.R. 264, 269 (Bankr. S.D.N.Y. 2011) (noting that, by filing a proof of claim, the filer "necessarily became a party under the court's core jurisdiction" under § 157(b)(2)(B)), *aff'd sub nom.* 581 F. App'x 41 (2d Cir. 2014). In short, the State Court Action is a core matter "arising in" a case under title 11 and the Court has original jurisdiction over the State Court Action under 28 U.S.C. 1452(a).

B. The Court Also Has "Related To" Jurisdiction Over The State Court Action.

9. Even if the State Court Action is not a core proceeding (which it is), the issues raised therein are clearly "related to" the proceedings in the Delaware Bankruptcy Court, thus satisfying the "related to" prong of jurisdiction under 28 U.S.C. 1334(b) and providing this Court with original jurisdiction under 28 U.S.C. § 1452(a). A matter is "related to" a bankruptcy proceeding if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d. Cir. 1984)

(overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35, 116 S. Ct. 494 (1995)).

10. In enacting section 1334(b), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). Jurisdiction over a proceeding that is "related to" a bankruptcy case, such as the State Court Action is to the Debtors' pending bankruptcy case, is the "broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see also SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) ("While 'related-to' jurisdiction is not limitless, it is fairly capacious … ." (internal citations omitted)); *Coen v. Stutz (In re CDC Corp.)*, 610 F. App'x 918, 921 (11th Cir. 2015) ("This 'related to' jurisdiction is 'extremely broad.' (quotation omitted)); *Boston Regional Med. Ctr., Inc. v. Reynolds (In re Boston Regional Med. Ctr., Inc.)*, 410 F.3d 100, 106 (1st Cir. 2005) ("The statutory grant of 'related to' jurisdiction is quite broad."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." (internal quotations omitted)); *Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547 (5th Cir. 2002) ("'Related to' jurisdiction has been defined quite broadly."); *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning)*, 86 F.3d 482, 489 (6th Cir. 1996) ("[T]he emphatic terms in which the jurisdictional grant is described in the legislative history, and extraordinarily broad wording of the grant itself, leave us with no doubt that Congress intended to grant district courts broad jurisdiction in bankruptcy cases."); *Coffey v. Anderson (In re PSLJ, Inc.)*, 873 F.2d

1440 (table) (4th Cir. 1989) ("We have recognized that a bankruptcy court has broad jurisdiction over proceedings arising in or related to a title 11 case.").

11.  An action is "related to" a bankruptcy case where its outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir 1994). An action satisfies the "conceivable effect" test "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* The Third Circuit has further clarified that such effects on the bankruptcy estate must be the product of the related action itself, "without the intervention of yet another lawsuit." *See In re Federal-Mogul Glob., Inc.*, 300 F.3d 368, 382 (3d Cir. 2002).[2]

12.  Plaintiffs' Complaint arises in, arises under, or is otherwise related to the Debtors' Chapter 11 Cases and is therefore removable under 28 U.S.C. § 1452(a) because it seeks damages arising from the post-petition termination of Plaintiffs' employment with the Debtors, the recovery of which would diminish the Debtors' bankruptcy estate. In the Complaint, the Plaintiffs assert claims to recover monetary damages from the Debtors, which constitute "claims" within the meaning of § 101(5) of the Bankruptcy Code. Plaintiffs' claims for money damages from the Debtors would necessarily have an effect on the Debtors' estates,

---

[2] Because the Debtors' bankruptcy case is currently pending before the Delaware Bankruptcy Court, the Debtors rely principally on the Third Circuit's interpretation of section 1334(b)'s analysis of "related to" jurisdiction. However, the "any conceivable effect" test developed by the Third Circuit in *Pacor* has been endorsed by the United States Supreme Court and adopted by the vast majority of circuits "with little or no variation." *Celotex*, 514 U.S. at 308 n.6 (collecting cases); *see also, e.g.*, *SPV OSUS, Ltd.*, 882 F.3d at 340; *Estate of Jackson v. Schron (In re Fundamental Long Term Care, Inc.)*, 873 F.3d 1325, 1336-37 (11th Cir. 2017); *Fire Eagle L.L.C. v. Bischoff (In re Spillman Dev. Grp., Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013); *Waldman v. Stone*, 698 F.3d 910, 916 (6th Cir. 2012); *Love v. Federal Deposit Ins. Corp. (In re George Love Farming, LC)*, 420 F. App'x 788, 792 n.2 (10th Cir. 2011); *GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1019 (8th Cir. 2009); *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007); *Boston Regional Med. Ctr., Inc.*, 410 F.3d at 106; *Dunmore v. United States*, 358 F.3d 1107, 1113 (9th Cir. 2004). Although the Seventh Circuit has articulated a slightly different test for "related to" jurisdiction, a recent decision from that circuit indicates close alignment with the *Pacor* test. *See Bush v. United States*, 939 F.3d 839, 846 (7th Cir. 2019) ("[T]he related-to jurisdiction must be assessed at the outset of the dispute, and it is satisfied when the resolution has a potential effect on other creditors.").

such that the claim is "related to" the Chapter 11 Cases. Because this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334(b), removal of the State Court Action is proper under 28 U.S.C. § 1452(a)."

THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

13. In accordance with Bankruptcy Rule 9027(a)(1), attached to this Notice of Removal as Exhibit A is a copy of the State Court Action case file, including all process, pleadings, and orders that have been filed, or entered by the New York State Court, in the State Court Action.

14. Removal of the Action is timely pursuant to Bankruptcy Rule 9027(a)(3). As the State Court Action was commenced following the commencement of the Debtors' bankruptcy cases, a notice of removal may be filed within the "shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons." Fed. R. Bankr. P. 9027(a)(3). This Notice of Removal is being filed within thirty (30) days after service of the State Court Action sought to be removed as reflected Affidavit of Service included in Exhibit A.

15. Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1). The New York State Court is located in the district and division of this Court.

16. For purposes of Bankruptcy Rule 9027(a)(1), upon removal of the Action to the District Court, the Trustee, on behalf of the Debtors, does not consent to the entry of final orders or judgment by this Court. Through the Debtors' Motion to Transfer Venue to the United States Bankruptcy Court for the District of Delaware filed contemporaneously herewith, the Debtors seek to transfer venue of this action to the Bankruptcy Court where their chapter 11 bankruptcy cases are pending.

17. Promptly after the filing of this Notice of Removal, the Trustee, on behalf of the Debtors, will serve on counsel to the parties to the State Court Action and file with the clerk of the New York State Court a copy of this Notice of Removal in accordance with Bankruptcy Rules 9027(b) and (c).

18. The Debtors reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove the State Court Action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Joseph C. Barsalona II*
Donna L. Culver
Joseph C. Barsalona II
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dculver@mnat.com
           jbarsalona@mnat.com

*Proposed Counsel for Derek C. Abbott, Esq., as Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Incorporated*

March 3, 2020
13557104.2